In re CHARLOTTE TEXTILE CO.

United States District Court
S. D. New York.
Dec. 29, 1950.

Hahn & Golin, New York City, for trustee, by J. Jacob Hahn, New York City.

David Haar, New York City, pro se.

McGOHEY, District Judge.

An order of the referee is sought to be reviewed by this petition. The order denied a motion made by the bankrupt's attorney to set aside a previous order of the referee entered under Sec. 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, which directed the attorney to appear for examination and which also authorized the issuance of a subpoena duces tecum to the attorney to produce certain books and records.

This bankruptcy proceeding has been before me on a prior occasion.[1] I then held that the trustee should go "without reserve"[2] into the financial affairs of one Weissman who is the owner of at least ninety percent of the bankrupt and the sole owner of a large number of other corporations which I held to be "merely departments"[3] of one business enterprise of which the bankrupt was a part.

The subpoena duces tecum required the attorney to produce books of several of Weissman's corporations other than the bankrupt. They were thought to be in an office to which the attorney had the key. Weissman at the time was at the Mayo Clinic in Minnesota, and his examination under Sec. 21, sub. a, was not completed. The attorney advised the referee that the books were not in the office, and hence not in his possession. Several of them he showed were in the possession of the bankrupt's accountants; the remainder he did not account for except to assert that they were not in the office to which he had the key and not otherwise in his custody or possession.

No one questioned the truth of this representation by the attorney, but nevertheless the referee refused to set aside the order and subpoena duces tecum. This I think was error and requires the order to be set aside. Such books as are in the accountants' possession can and should be subpoenaed unless some arrangement is arrived at to make them available to the trustee. The referee has tried to get counsel for the bankrupt to agree to some arrangement, but without success. It is claimed that the trustee's requests are burdensome and unreasonable because he seeks access to all the books of all of Weissman's corporations. The referee seems to think that this request is not unreasonable, and I agree. Weissman used these various corporations to market a common stock of merchandise, and I would suppose that only by careful checking of the various corporations' records could this merchandise be traced. The bankruptcy petition alleges a very substantial shortage of merchandise at the time of bankruptcy.

The motion is granted but solely on the ground that it was unreasonable to try to compel the attorney to produce books not in his custody or possession.

Settle order.

1. D.C., 90 F.Supp. 612.
2. 90 F.Supp. at page 616.
3. 90 F.Supp. at page 614.